IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>LYDIA M RIVERA CALDERON<br>SSN #xxx-xx-7458<br>  Debtor | CASE NO. 17-05554 BKT<br><br>AP 18-0006<br><br>CHAPTER 7 |

<u>DEBTOR REQUEST to SET ASIDE & VACATE ORDER at doc #49 ALLOWING
OBJECTION TO EXEMPTION & DEBTOR's REQUEST for EXTENSION of TIME to
ANSWER or FILE A RESPONSIVE PLEADING to docs #46 & #47[1]</u>

TO THE HONORABLE COURT:

COMES NOW debtor through her legal representation who respectfully prays:

1. This case was filed on **August 7, 2017**, and its pendency has been almost entirely during the State of Emergency that continues throughout Puerto Rico since September 20, 2018 and the devastation left behind by Hurricanes Irma and Maria still felt in Fajardo and in Caguas particularly.

2. On January 26, 2018 creditor NELSON VELEZ ALAYON filed an *Exception to Dischargeability* at AP 18-0006 and doc #47 and an *Objection to Exemption* at doc #46.

3. Debtor denies and opposes both requests by this creditor, and affirmatively asserts that the litigation brought by this creditor and which has indirectly caused Trustee's concerns, is a mere collection of monies claim and not as per their allegations of bad faith or malicious injury. It is prayed that both the objection to exemption at doc #46 and the exception to dischargeability

---

[1] Under the circumstances of lack of power, internet & computer system, a memorandum of law in support of debtor's request cannot be developed & updated if not for the circumstances of the state of emergency that continues in Puerto Rico. Counsel humbly prays for the indulgence of this Court under the circumstances in not providing dated support or citations in this matter.

complaint under §523 filed at doc #47 should be denied, with special imposition of fees and costs after debtor's more formal defense and opposition.

4. Docket #46 which on this same date has been granted by this Court at doc #49, by default, contains the following 30-day Notice which reads as follows:

*"30 DAY NOTICE TO ALL CREDITORS & PARTIES IN INTEREST*

*You are hereby notified that you have thirty (30) days from the date of this notice to file an opposition to the foregoing motion and to request a hearing. If no objection or other response is filed within the prescribed period of time, the Debtor's [sic] motion will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If a timely opposition is filed, the court will schedule a hearing as a contested matter."*

5. The motion filed by creditor notices and allows for a response until at least February 26, 2016, or at most February 29, 2018 and a hearing to be scheduled by the Court if contested by debtor.

6. We understand the Order of the Court granting the objection to exemption on the homestead claimed by debtor was entered improvidently prior to the expiration of the notice period contained in the *Objection to Exemptions* filed at doc #46 and respectfully request that under the circumstances it be vacated and set aside.

7. Rule 60 provides relief from a Judgment or Order as follows:

    *(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . ."*

8. To avoid and prevent prejudice debtor respectfully prays for the setting aside and vacating of the Order granting the *Objection to Exemption* entered on this same date at doc #48.

9. Additionally, Fed. R. Civil P. 59(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

10. "Excusable neglect" imposes a greater burden on the party seeking relief than does "good cause." See *United States v. One Urban Lot located at I Street a-1*, 885 F 2d 994, 997 (1st Cir. 1989):

    *"At first blush it might seem inconsequential whether the review of motions to vacate is under Rule 55(c) or Rule 60(b), but the [good cause] standard for relief under Rule 55(c) is less demanding than its Rule 60(b)[excusable neglect] counterpart". Coon v Grenier, 867 F 2d 73, 76 (1st Cir. 1989). "Good cause" is a mutable standard, varying from situation to situation. It is likewise a liberal one – but not so elastic as to be devoid of substance. It derives its shape both contextually and by comparison with the more rigorous standard applicable to attempts to vacate judgments under FRCP 60(b), the 'good cause' threshold for Rule 55(c) relief is lower, ergo more easily overcome, than that which obtains under Rule 60(b)".*

11. See also *Greene v. Union Mutual Life Ins. Co. of America,* 764 F 2d 19, 22 (1st Cir. 1985)("a party asking for relief from judgment under Rule 60(b) typically must shoulder a fairly heavy burden.") *In re Lambeth Corp.,* 227 B.R. 1 (BAP 1st Cir. 1998).

12. The First Circuit articulates "good cause" thus:

    *"We have recently visited the compendium of factors which a district court should consider in "analyzing the quantum and quality of [a defaulted party's] 'cause' to see if it was 'good', that is, if it warranted removal of an entry of default," and it would be pleonastic to rehearse that discussion here. It is enough to reemphasize that, while certain recurrent elements should be probed-the proffered explanation for the default, whether the default was willful, innocent, or somewhere in between, whether setting it aside would prejudice the movant's adversary, whether the movant possesses a meritorious defense, and the timing of the motion Rule 55(c) determinations are case-specific. They must, therefore, be made in a practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula. When all is said and done, 'good cause' is a mutable standard varying from situation to situation."*

    *General Contracting & Trading Co. v. Interpol, Inc.* 889 F 2d 109, 112 (1st Cir. 1990).

13. We understand that the standard in the instant matter is "good cause" and there is good cause to reconsider and/or set aside the granting of the *Objection to Exemption* at doc #46 both under FRCP 59(c) and/or FRCP 60(a).

14. Debtor further prays that for reasons stated herein allow debtor additional time of at least 30 additional days to be computed from February 26, 2018, under the

circumstances of the emergency state caused by Hurricane Maria in her life and in particular in the office of her counsel.

15. Additionally, copies of important pleadings in the state court case needed to adequately address the issues now currently pending before this court. Despite several calls and trips to Fajardo to review the state court file, copies have just been obtained as recently as today, February 12, 2018. The 3 files in the case are voluminous and may continue to require further review and verification of the file and copies of the pleadings. The state court file was not available for inspection or copying, despite many calls and trips to the Court. Many of the pleadings during the last few years were never served on debtor and are important to begin to understand the issues now being raised by this creditor and Trustee in order to piece together a responsible and supported response in this matter.

16. Under the facts and circumstances in the present case, there is truly just and good cause for the setting aside of the denial of her claimed homestead, and the Order granting the objection should be set aside for good cause shown and the debtor allowed additional time to respond or file a responsive pleading not to exceed 30 days from February 26, 2018, or until at least March 26, 2018.

17. Counsel for debtor further prays for the continued indulgence of this Court in excusing what is outdated legal support and research in this motion since her computer system containing templates and research to support this type of request have been lost to mold in counsel's entire computer system to this day. Recovery of our Server is currently being attempted at great cost by BestBuy's Queek Squad in the United States.

18. In light of the aforementioned, Debtor very respectfully requests Reconsideration and Set Aside of the Order at doc #49, entered today, February 12, 2018, so that Debtor can respond and defend her legitimate right to claim her homestead before decision by this Court on the merits.

WHEREFORE debtor very respectfully prays from this Honorable Court take notice of the aforementioned cause and justification and:

    a)    Vacate and set aside the Order granting the *Objection to Exemption* entered at doc #49;

    b)    Extend the time for the filing of a responsive pleading or objection for at least 30 days which, if granted by this Court, will expire on or before **March 27th, 2018** to respond to both docs #46 and #47 and doc #1 in AP #18-0006**;**

    c)    Grant any remedy that this Court finds just and necessary.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I HEREBY CERTIFY, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 7 Trustee and to the U.S.T. and all subscribed users.

BEATRIZ HERNANDEZ TORO on behalf of Creditor NELSON VELEZ ALAYON
beatriz.hernandezpr@gmail.com, G25647@notify.cincompass.com
MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov
WIGBERTO LUGO MENDER trustee@lugomender.com, wlugo@ecf.epiqsystems.com

RESPECTFULLY SUBMITTED,

In Caguas, Puerto Rico, this 129th day of February 2018.

s/ *L.A. Morales*
LYSSETTE MORALES VIDAL
USDC PR 120011
L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA, 76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434 / 787-258-2658
FAX 1-855-298-2515
CELL during H Maria Emergency 787-640-1621
Email lamoraleslawoffice@gmail.com