# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:
LYDIA M RIVERA CALDERON

SSN #xxx-xx-7458
  Debtor

CASE NO. 17-05554 BKT

CHAPTER 7

*Order Denying Motion to Dismiss #58*
*Denial of Trustee Motion to Dismiss #42*
*Motion to 'Reconsider' Denial at #64*

<u>DEBTOR *Reiterated* MOTION TO QUASH & DENY TRUSTEE RESTATEMENT of
MOTION TO DISMISS AS UNTIMELY, LACKS PARTICULARITY & LACKS
SUPPORT UNDER FED. BANR. R. P. 9024 MANIFEST ERROR OF LAW</u>

TO THE HONORABLE COURT:

COMES NOW debtor through her legal representation who respectfully prays:

This case was filed on **August 7, 2017.** The appearance of debtor at the duly
convened **September 13, 2017**[1] §341 Meeting of Creditors by written interrogatories was
approved by the Court at doc #10 and the Meeting was held on the same date. During
the Meeting, the Trustee anticipated that it would be adjourned for a later date and that
it would be "held open for asset recovery".[2]

On December 28, 2017, or 106 days after the first date set for the §341(a) meeting
of creditors, the Chapter 7 Trustee filed a motion titled *Trustee's Motion to Dismiss Case
& Request for Court to Hold Discharge Pending Hearing [Motion to Dismiss]* at doc #42.
Trustee's *Motion to Dismiss* was denied by this Court at which time the Court gave
Trustee and the U.S. Trustee until April 2, 2018 to file what debtor considers an

---

[1] Refer to doc #5 *Notice of Hearing Dates* setting September 13, 2017 as the first date set.

[2] Refer to doc #21 *Trustee Statement of Meeting*.

untimely period of time to act to file an adversary proceeding, nevertheless, neither the Trustee nor the U.S. Trustee have timely filed an objection to discharge.[3]

A review of the Court's legal docket does not show any request by the Chapter 7 Trustee or the U.S. Trustee for a timely extension of time to file a motion to dismiss. The Trustee did request an extension of time to file an objection to discharge exclusively at doc #28 which expired on December 28, 2017 pursuant to Order of the Court entered at doc #34. On December 28, 2017 Trustee filed doc #42 titled *Motion to Dismiss & Request to Hold Discharge Pending Hearing.*

The *Motion to Dismiss* filed at doc #42 and its restatement at doc #64 are both untimely, having been filed 106 days after the "first date set for the Meeting of Creditors under §341(a)" of **September 13, 2017.** Trustee's *Motion to Dismiss* should have been filed on or before November 13, 2017 but is untimely as it was filed on December 28, 2017. Trustee failed to request an extension of time to file a *Motion to Dismiss.* Fed. R. Bankr. P. 1017(e).

For the reasons that follow, debtor requests that Trustee's *Motion to Dismiss* and its restatement via a motion to 'reconsider' at doc #64 be quashed and be denied as it is untimely and does not comply with either the time constraints or the requirements of Fed. R. Bankr. P. 1017(e)(1) that a motion to dismiss be filed within 60 days from the first date set for the §341(a) Meeting of Creditors nor does Trustee's motion to dismiss comply by stating with particularity the circumstances alleged to constitute abuse.

Fed. R. Bankr. P. 1017(e)(1).

*(1) Except as otherwise provided in §704(b)(2), a motion to dismiss a case for abuse under §707(b) or (c)* ***may be filed only within 60 days after the first date set for the meeting of creditors under §341(a)****, unless, on request filed before the time*

---

[3] Creditor, Nelson Velez Alayon has filed an adversary proceeding to except its debt from discharge. The same has been answered and is scheduled for hearing.

**has expired, the court for cause extends the time for filing the motion to dismiss**. *The party filing the motion shall set forth in the motion all matters to be considered at the hearing. In addition,* **a motion to dismiss under §707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse**.

(Emphasis added).

Federal Rule of Bankruptcy Procedure 1017(e)(1) sets forth that "a motion to dismiss under §707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse." The requirement for particularity was added in a 2008 amendment to reflect the 2005 amendments to the Bankruptcy Code. The Committee Note from 2008 states, "[i]n contrast to the grounds under §707(b)(2), which are quite specific, the grounds under §407(b)(1) and (3) are very general. Therefore, to enable the debtor to respond subdivision (e) requires that motions to dismiss under §707(b)(1) and (3) state with particularity the circumstances alleged to constitute abuse."

The motion to dismiss filed by the Chapter 7 Trustee at doc #42 is also untimely, lacks particularity of what Trustee believes constitutes abuse in this case, as such cannot be effectively responded to by the debtor in her defense.

The Supreme Court's interest in firm, explicit deadlines is expressed in *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992) is clear that these types of deadlines and periods of time when a trustee or a creditor or other party in interest may act mean what they plainly state. Thus Fed. R. Bankr. P. 1017(e)(1) plainly requires that: ". . . *a motion to dismiss a case for abuse under §707(b) or (c)* **may be filed only within 60 days after the first date set for the meeting of creditors under §341(a)***, unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss."* Trustee did not seek an extension of time to file a motion to dismiss for abuse, and his *Motion to Dismiss* filed on December 28, 2017 at doc #42 is

untimely and unwarranted and lacks particularity as also required by the same Rule. Its restatement at doc #64, similarly fails to comply the specificity required by Fed. R. Bankr. P. 1017(e)(3).

In an effort to salvage his argument for dismissal, the Trustee now alleges that the Honorable Court has committed a manifest error of law by denying the motion to dismiss as a "whole", focusing of the untimeliness of a motion to dismiss for abuse, based on 11 U.S.C. Section 707(b), while not considering other grounds for dismissal provided in 11 U.S.C. Section 707(a).

The Trustee now argues that debtor had failed to provide adequate and complete schedules and also failed her duty of "attending a meeting of creditors." This is clearly argumentation after the fact, only to move the Court to reconsider with grounds that were not properly addressed in the motion to dismiss originally filed.

On the Trustee's own words: "More than mere oversight in the preparation of the schedules, we are before significant **concerted** omissions and misrepresentations caused by Debtor or most likely by other parties related to the Debtor and **directed to derail** the administration of this estate (See Docket 42, paragraph 12)(emphasis provided). Even from the generalized assertions in the Trustee's motion to dismiss, it is clear that the Trustee did not argue a lack of accurate schedules, but an intentional act to mischaracterize debtor's assets. Notwithstanding his latter characterizations, the Trustee was undoubtedly arguing for abuse.

On the matter of the other alleged grounds included in 11 U.S.C. Section 707(a), the Trustee lists the three grounds enumerated in Section 707(a):

11 U.S.C. Section 707(a)

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

The Trustee did not allege unreasonable delay nor nonpayment of fees, leaving only the alleged failure to provide the information required by 11 U.S.C. Section 521(a)(1). Section 521(a)(1) simply requires debtor to file: a list of creditors; a schedule of assets and liabilities; a schedule of current income and current expenditures; a statement of the debtor's financial affairs and, a certificate of compliance with section 342(b) (if applicable); copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, a statement of the amount of monthly net income, itemized to show how the amount is calculated; a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition. The Trustee has never alleged that any of these documents have not been filed.

As to any other more general allegation of "cause" for dismissal, the Trustee's original motion failed to properly articulate such cause and was evidently intended to allege abuse. The trustee now tries to invoke new grounds for dismissal not properly alleged the first time.

In the last paragraphs of his motion the Trustee alleges that due to the passage of Hurricane Maria, and by virtue of General Order 17-05, the deadline time period for filing a Motion to Dismiss under the provisions of 11 U.S.C. Section 707(b) could not elapsed on November 13, 2017.

By the Trustee's own admission, General Order 17-05 only extended the deadlines until November 6, 2017. That is a whole week before the deadline to file a motion to dismiss in this case was set to expire anyway, on November 13, 2017. General Order 17-05 in no way affected that deadline.

The Trustee also made reference to the fact that the Meeting of creditors was scheduled for September 13, 2017, in between the passage of Hurricane Irma and Hurricane Maria. Once again, this fact has no bearing in extending the deadline of 11 U.S.C. Section 707(b). Pursuant to Fed. R. Bankr. P. 1017(e)(1), the motion to dismiss has to be filed *"only within 60 days after the <u>first date set</u> for the meeting of creditors…"*. Fed. R. Bankr. P. 1017(e)(1) makes no reference to the date the meeting of creditors was first held, only to the date it was first set to occur. Fed. R. Bankr. P. 1017(e)(1) does allow the party to request an extension. The Trustee did not avail himself of this alternative in time.

Furthermore, Trustee has failed to meet and articulate cause to set aside the denial of Trustee's *Motion to Dismiss* and under the circumstances his request must be denied.

WHEREFORE debtor very respectfully prays from this Honorable Court to deny the *Motion to Dismiss* with prejudice as the *Motion* as drafted lacks particularity, is untimely, and does not comply with minimum pleading standards, but rather contains bare assertions and conclusions and opinions by the Trustee without support or evidence of due diligence to ascertain the *Motion's* assertions.

In the alternative that this Court not deny and dismiss doc #42, allow debtor to file her Answer & Opposition to Trustee's *Motion to Dismiss* of at least 30 days after any ruling on the instant motion.

NOTICE

Within fourteen (14) days after service as evidenced by the certification, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I HEREBY CERTIFY, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 7 Trustee and to the U.S.T. and all subscribed users.

BEATRIZ HERNANDEZ TORO on behalf of Creditor NELSON VELEZ ALAYON
beatriz.hernandezpr@gmail.com, G25647@notify.cincompass.com

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

WIGBERTO LUGO MENDER trustee@lugomender.com, wlugo@ecf.epiqsystems.com

In Caguas, Puerto Rico, this 16th day of April 2018.

s/ *L.A. Morales*

LYSSETTE MORALES VIDAL
USDC PR 120011
L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434 / 787-258-2658
FAX 1-855-298-2515
Email lamoraleslawoffice@gmail.com
