## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-05554** |
| **LYDIA MARIA RIVERA CALDERON** | **CHAPTER 7** |
| **Debtor(s)** | **FILED & ENTERED ON 05/11/2018** |

### OPINION & ORDER

Before the court is the chapter 7 trustee Wigberto Lugo Mender's (hereinafter "Trustee") *Chapter 7 Trustee's Motion for Reconsideration and Restating Request for Dismissal Order* [Dkt. No. 64] and Debtor's *Reiterated Motion to Quash & Deny Trustee Restatement of Motion to Dismiss as Untimely, Lacks Particularity & Lacks Support Under Fed. Bankr. R. P. 9024 Manifest Error of Law* [Dkt. No. 65]. For the reasons stated below, the Trustee's *Chapter 7 Trustee's Motion for Reconsideration and Restating Request for Dismissal Order* [Dkt. No. 64] is DENIED.

**Pertinent Facts**

The facts in this case are uncontested. Lydia Maria Rivera Calderon ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Code") on August 7, 2017. Upon this filing, Trustee was appointed. The first meeting of creditors to be held pursuant to 11 U.S.C. Section 341 was scheduled for September 13, 2017 [Dkt. No. 5]. On August 9, 2017 Debtor filed her schedules, summary of assets and liabilities, declaration about an individual debtor's schedules, statement of financial affairs, statement of intention, and the chapter 7 statement of current monthly income [Dkt. No. 9]. On December 28, 2017, the Trustee filed a motion to dismiss pursuant to Sections 707(a), 707(b), and/or 105(a) of the Code [Dkt. No. 42].

-1-

Upon Debtor's reply [Dkt. No. 54], the court denied the motion to dismiss [Dkt. No. 59]. The Trustee's motion for reconsideration and Debtor's reply followed.

It is the Trustee's position that the court has committed a manifest error of law when it denied the motion to dismiss as a "whole" considering just the arguments that were raised on timing considerations under the provisions of § 707(b), but disregarding the additional grounds for dismissal provided in § 707(a). The court will examine each of the Code sections cited by the Trustee in his motion to reconsider.

**Applicable Laws**

**Fed. R. Civ. P. 59(e)**

Fed. R. Civ. P. 59(e), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023, authorizes the filing of a motion moving the court to alter or amend a judgment within 28 days of entry of that judgment. [1] Because "Rule 59(e) does not state the grounds on which relief may be granted . . . courts have considerable discretion in deciding whether to grant or deny a motion under the rule." In re Nieves Guzman, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)) (internal quotations omitted).

The First Circuit has generally noted four grounds for granting a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e): "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005) (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion must demonstrate

---

[1] Fed. R. Bankr. P. 9023 reduces the filing time of a motion moving the court to alter or amend a judgment to fourteen (14) days after the entry of judgment.

-2-

the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." <u>In re Nieves Guzman</u>, 567 B.R. at 863 (quoting <u>In re Arroyo</u>, 544 B.R. 751, 756 (Bankr. D.P.R. 2015)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." <u>Palmer v. Champion Mortg.</u>, 465 F.3d 24, 30 (1st Cir. 2006). The moving party is generally held as having to produce to the court a "'clear conviction of error' or belief that the final judgment was 'dead wrong.' Mere disagreement with how the court weighed the facts or interpreted the case law does not constitute a manifest error justifying reconsideration." Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 59, Westlaw (February 2017).

As a general rule, courts will deny Rule 59(e) motions when a movant tries to correct a procedural defect of its own doing. "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." <u>In re Nieves Guzman</u>, 567 B.R. at 863 (quoting <u>Biltcliffe v. CitiMortgage, Inc.</u>, 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted).

Finally, "[i]n practice, [R]ule 59(e) motions are generally denied because of the narrow purpose for which they are intended." <u>Rosado v. Banco Popular de P.R.</u>, 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) (quoting <u>BAC Home Loans Servicing LP v. Grassi</u>, No. EP 11-010, 2011 Bankr. LEXIS 4362 (B.A.P. 1st Cir. Nov. 21, 2011)). Federal courts "have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be

used sparingly because of interest in finality and conservation of scarce judicial resources." Id. at 607.

After considering the arguments raised by both parties, this court finds that Trustee's motion neither provides the court with genuine reasons why it should revisit the Opinion and Order [Dkt. No. 59], nor compelling facts or law in support of reversing the prior decision. In his motion to reconsider, Trustee fails to establish any of the required legal factors discussed above. Plaintiff's motion attempts to rehash the same arguments that were already considered and found lacking by this court. Moreover, the court finds the arguments raised in Debtor's opposition, compelling and legally sound.

The Trustee asserts that the court did not consider the additional grounds for dismissal of the case under the provisions of § 707(a). Specifically, Trustee refers the court to § 707(a)(3).

**11 U.S. Code § 707 – Dismissal of a case or conversion to a case under chapter 11 or 13**

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

…

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), **but only on a motion by the United States trustee.** (emphasis ours).

The information contained in the schedules notwithstanding, the authority to file a motion to dismiss or convert a chapter 7 case under § 707(a), by its plain meaning, lies solely with the U.S. Trustee.[2] In ascertaining congressional intent, we employ "the traditional tools of statutory construction, including a consideration of the language, structure, purpose, and history of the

---

[2] See In re Rathbun, 275 B.R. 434, note 8 (Bankr.D. R.I. 2001); See generally U.S. DEPARTMENT OF JUSTICE, HANDBOOK FOR CHAPTER 7 PANEL TRUSTEES (2012), which cites extensively to numerous sections of the Code, and provides with particularity in Part 4- 'Duties of a Trustee in the Administration of a Case,' subsection N (7), how to review for abuse under §707(b) [pgs. 4-39 to 41]. There is no reference to Section 707(a) in the HANDBOOK.

statute." United States v. Gordon, 875 F.3d 26, 33 (1st Cir. 2017); McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 423 (1st Cir. 2007) (quoting Estey v. Comm'r, Me. Dep't of Human Servs., 21 F.3d 1198, 1201 (1st Cir. 1994)). Our starting point is the text of the statute itself. See United States v. Charles George Trucking Co., 823 F.2d 685, 688 (1st Cir. 1987). To the extent that Congress chose words that it did not define, we assume those words "carry their plain and ordinary meaning." Stornawaye Fin. Corp. v. Hill (In re Hill), 562 F.3d 29, 32 (1st Cir. 2009).

Moreover, Trustee argues that the timing allegations brought by the Debtor in *Debtor Motion to Quash Trustee Motion to Dismiss as Untimely & Lack Particularity &/ or Dismiss or Deny doc # 42* [Dkt. No. 54], are incorrect and cites to the court's General Order 17-05 for support.[3] Although the Trustee could have requested leave pursuant to L.Cv.R. 7(c) (D.P.R. 2009) to file a Reply to Debtor's arguments as to the timeliness of the motion to dismiss, he chose not do so. "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment…." In re Nieves Guzman, 567 B.R. at 863. Consequently, the court will not address this argument.

The Bankruptcy Appellate Panel's remarks in the case of Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) are worth repeating here:

> A motion for reconsideration is a weapon that should not be deployed reflexively by the losing party in a contested matter or an adversary proceeding. We recognize that lawyers are duty-bound to advocate zealously on behalf of their clients. But not every adverse order or judgment is predicated on a manifest error of law and the instances of newly discovered evidence are few and far between.

---

[3] This General Order dated September 27, 2017, stated in relevant part that "…all periods set by statutes of limitations applicable to causes of action, cases and proceedings filed, or to be filed in this court, are hereby extended until Monday, November 6th, 2017." General Order 17-05 did not apply to any deadlines that came due after November 6, 2017.

The Trustee has failed to establish the legal requirements for granting relief under Rule 59(e), and is therefore not entitled to reconsideration. The *Chapter 7 Trustee's Motion for Reconsideration and Restating Request for Dismissal Order* [Dkt. No. 64] is hereby DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 11th day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge